IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KENNY DREW SAYRE,         )
         )
      Plaintiff,        )
         )
v.         )      Civil Action Nos. 5:07-0282
         )      and 5:07-0402 (consolidated)
Thomas McBride, Warden,         )
Mount Olive Correctional         )
Complex, *et al.*,         )
         )
      Defendants.        )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Applications to Proceed Without Prepayment of Fees and costs (Document No. 1 in Civil Action No. 5:07-0282 and Document No. 2 in Civil Action No. 5:07-0402.). Having examined Plaintiff's Complaints in the two civil actions, the undersigned determined that they presented common issues of fact and law and ordered them consolidated. Having considered Plaintiff's allegations of fact as set forth in his Complaints in view of applicable law, the undersigned concludes that Plaintiff fails to state a claim for which relief can be granted in these consolidated matters and therefore respectfully recommends that Plaintiff's Applications to Proceed Without Prepayment of Fees be denied and that this matter be dismissed.

## FACTUAL BACKGROUND

On May 7, 2007, Plaintiff, acting *pro se* and incarcerated at Mount Olive Correctional Complex, filed his Complaint initiating Civil Action No. 5:07-0282 claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document No. 1 in Civil Action No. 5:07-0282.) Plaintiff alleges

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed

that on January 1, 2007, he filed a complaint with the West Virginia Board of Medicine concerning Defendant Mary Westfall, a registered nurse and employee of CMS[2] working in the medical unit at Mount Olive Correctional Complex, and the high death rate within the correctional complex. Plaintiff contends that as a result of his above complaint to the West Virginia Board of Medicine, Defendants have retaliated and discriminated against him by refusing to provide him with his "KOP medication."[3] Plaintiff asserts that "no other inmate is treated like this." Plaintiff states that he has the following medical conditions: (1) Cyst on the brain; (2) Stomach and bowel disease; (3) Prostate disease; (4) Lung disease; (5) P-A-D of the legs; (6) Kidney stones; (7) Large hernia in stomach; (8) High blood pressure; (9) Arthritis; and (10) Bleeding hemorrhoids. Since Defendant Westfall is not a medical doctor, Plaintiff argues that he is receiving incompetent medical care and is in immediate need of "outside" medical treatment. Plaintiff indicates that he is in need of medication or surgery for the above conditions.[4]

On June 22, 2007, Plaintiff filed a Supplement to his Complaint in Civil Action No. 5:07-0282 (Document No. 5.) further alleging he was forced to remain in his cell for three nights with carbon monoxide fumes coming through the air vents. Plaintiff states the following:

The facts are – this Petitioner was forced to stay in a cell for a number of days with

---

liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The undersigned has learned in considering other cases that Correctional Medical Services, Inc. (CMS), is a private corporation providing health care to inmates in the custody of the West Virginia Division of Corrections.

[3] "KOP medication" means keep-on-person medication. They are dispensed to inmates for self-administration according to labeled instruction as prescribed by a physician, dentist or nurse practitioner.

[4] Plaintiff filed Supplements to his Complaint in Civil Action No. 5:07-0402 alleging the same claims set forth in Civil Action No. 5:07-0282. (Document Nos. 4 and 8 in Civil Action No. 5:07-0402.)

carbon monoxide fumes coming through the air vents. The facts are – on the 14th day of June of 2007, in the late afternoon, the alarm was set off by carbon monoxide fumes, so they took us outside for a few hours and at 9:30, at night, was forced to return to my cell for count time and kept in the cell all night, as the alarm went off again and they forced me to stay in the cell, all night. The facts are – on the 15th day of June 2007, in the late afternoon, the alarm was set off again by carbon monoxide fumes, so they took us outside for a few hours and was forced once again to return to my cell for count time and kept locked in that cell all night, as the alarm went off again a couple of times again, and they force me to stay in the cell all night with fumes coming through the air vents. The facts are – the very same thing happen on June 16th, 2007, as I was forced again to stay in a cell all night with fumes coming through air vents. The facts are – on the late afternoon of June 17th, we were moved to the gym for about 24 hours, where I had to sleep on the floor.

Now, the facts are – all above is worse than – cruel and unusual punishment that falls under the 8th Amendment to U.S. Constitution – due to carbon monoxide fumes, due to an incompetent warden and his staff, as this Petitioner's health has been damaged by the carbon monoxide fumes, that was inflicted on me by the fumes while locked in the cell for the few nights, as all above is the proof that my health and life is in danger here at M.O.C.C. as to a deliberate indifference by the warden and his staff.

(Document No. 5 in Civil Action No. 5:07-0282.)[5] These circumstances are the subject of Plaintiff's Complaint in Civil Action No. 5:07-0402 filed on June 26, 2007. In both cases, Plaintiff seeks monetary damages.

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim

---

[5] Plaintiff's Compliant filed in Civil Action No. 5:07-0402 alleges the same conduct as set forth in his June 22, 2007 supplement to Civil Action No. 5:07-0282. (Document Nos. 4 and 8 in Civil Action No. 5:07-0402.)

lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490

U.S. at 327, 109 S.Ct. at . A claim lacks an arguable basis in fact when it describes "fantastic or

delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to

state a claim upon which relief can be granted factually when it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.

With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.[6]

---

[6] The undersigned notes that Plaintiff has been a frequent litigator in this Court having initiated twelve other actions in this District since August, 1999. The cases are as follows:

1. Sayre v. Painter, Case No. 5:99-0748 (S.D.W.Va. Dec. 30, 1999)(Chambers, J.); dismissed with prejudice for failure to state a claim under § 1983.
2. Sayre v. State of West Virginia, Case No. 2:99-0938 (S.D.W.Va. July 17, 2000) (Copenhaver, J.); dismissed without prejudice because the complaint was construed as a petition for a writ of mandamus to require the West Virginia Supreme Court of Appeals to reinstate Plaintiff's appeal rights.
3. Sayre v. Painter, Case No. 5:00-0088 (S.D.W.Va. Sept. 17, 2001)(Chambers, J.); Plaintiff alleged that prison medical providers were seriously indifferent to his serious medical needs in violation of the Eighth Amendment; dismissed with prejudice for failure to make a sufficient showing of an Eighth Amendment violation.
4. Sayre v. Painter, Case No. 5:00-0099 (S.D.W.Va. Mar. 30, 2000)(Haden, C.J.); Plaintiff alleged double-celling with mentally ill inmates; dismissed with prejudice for failure to state a claim and as frivolous as a matter of law; appeal dismissed by Plaintiff/Appellant, Case No. 00-6483 (4th Cir., Apr. 27, 2000).
5. Sayre v. Mount Olive Correctional Complex, Case No. 5:01-0434 (S.D.W.Va. Oct. 17, 2001)(Faber, J.); Plaintiff alleged that mentally ill inmates were being double-celled, and that staff was promoting homosexual acts by the double-celling; dismissed with prejudice for failure to exhaust administrative remedies and for being the third action dismissed as frivolous, malicious or for failure to state a claim.
6. Sayre v. Perry, Case No. 2:02-0129 (S.D.W.Va. Mar. 29, 2002)(Goodwin, J.); dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(g).
7. Sayre v. Perry, Case No. 2:02-1044 (S.D.W.Va. Oct. 7, 2003)(Haden, C.J.); dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(g).
8. Sayre v. McBride, Case No. 5:03-2023 (S.D.W.Va.)(filed July 30, 2003)(Haden, J.); Magistrate Judge Mary Stanley entered Proposed Findings and Recommendation that the District Court dismiss Plaintiff's complaint, docketed as being filed pursuant to 28 U.S.C. § 2254, for failure to state a cognizable claim for federal habeas review and as moot; dismissed with prejudice.
9. Sayre v. State of West Virginia, Case No. 5-03-2025 (S.D.W.Va.)(also filed July

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates."

Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). 42 U.S.C. § 1983

provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution

and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of

federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct.

2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C.

§ 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act

which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws

of the United States.

### 1.    Eighth Amendment Claim.

The undersigned views Plaintiff's Complaints as setting forth two claims under the Eighth

Amendment. First, Plaintiff alleges that his civil rights were violated through Defendants' deliberate

indifference to his serious medical needs. Second, Plaintiff claims that returning and locking

---

30, 2003)(Chamber, J.); Plaintiff alleged that the Clerk of the West Virginia Supreme
Court of Appeals refused to assign a case number to Plaintiff's Petition for Writ of
Habeas Corpus filed therein, and thereby denied him his constitutional right of
access to the Courts; dismissed as moot.
10. Sayre v. Perry, Case No. 2:04-00668 (S.D.W.Va. March 17, 2005) (Faber, D.);
dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(g).
11. Sayre v. McGraw, Case No. 2:05-01174 (S.D.W.Va. May 30, 2006)
(Copenhaver, J.); dismissed with prejudice pursuant to the provisions of 28 U.S.C.
§ 1915(g).
12. Sayre v. McBride, Case No. 5:05-00016 and 5:05-cv-00131 (S.D.W.Va. February
20, 2007) (Johnston, T.); dismissed for failure to exhaust administrative remedies on
each and all of his claims.

Plaintiff in his cell while the carbon monoxide detectors were alarming and fumes were coming through the air vents was an inhumane and unsafe condition of confinement.

As a general matter, The Eighth Amendment prohibited punishments which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(*quoting* Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds*, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). *See also* Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates."), *quoting* Hudson v. Palmer, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), *citing* Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992);

6

Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." Id. at 298, 111 S.Ct. 2321 (*citing* Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(*quoting* Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). *See also* White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") The touchstone is the health of the inmate.

 (a) **Inadequate Medical Treatment.**

  Having carefully considered Plaintiff's allegations, the undersigned assumes that Plaintiff's medical conditions are objectively serious. Respecting the second prong of the Section 1983 standard, it  appears that Plaintiff is claiming that Defendants were deliberately indifferent respecting the treatment of his medical conditions. Plaintiff alleges that Defendant Westfall is incapable of providing adequate medical care because she is not a medical doctor and his medical conditions require the attention of an "outside" medical doctor. The undersigned finds Plaintiff's

conclusory statement that Defendant Westfall is unable to provide adequate medical treatment insufficient to state a claim under Section 1983. Plaintiff does not indicate how Defendant Westfall, who is a registered nurse, failed to provide competent or adequate medical treatment. Although Plaintiff acknowledges that medications were prescribed for his medical conditions, he claims Defendants intentionally deprived him of the medications. The record clearly indicates that Plaintiff's claim is inaccurate. Defendant Westfall responded as follows to Plaintiff's grievance: "Due to your failure to pick up your monthly supplies of KOP medications at the scheduled time on 3/23/2007, your KOP privileges have been revoked. You will now need to pick up your pill on a dose by dose basis at the pill line in MDR." (Document 2, p. 10 in Civil Action No. 5:07-0282.) Plaintiff was not deprived of his medications. He simply lost the right to keep multiple doses of his medication in his possession for self-administration. Plaintiff complains additionally that Defendants failed to treat and accommodate him as he believed they should in view of his medical conditions. An inmate's disagreement with his medical care or his course of treatment for a objectively serious medical injury generally will not constitute a sufficient basis for a claim under Section 1983. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Reading Plaintiff's documents liberally as required and considering facts as alleged and which might be implied, the undersigned finds that they cannot be read to allege indifference to his serious medical needs in violation of the Eighth Amendment of the United States Constitution and cognizable under Section 1983. Accordingly, it appears beyond doubt that Plaintiff can prove no set of facts in support of the requisite second prong of his Eighth Amendment claim that he has received inadequate medical treatment.

**(b)** **Carbon Monoxide.**

Plaintiff appears to be claiming that Defendant McBride was deliberately indifferent to Plaintiff's safety by requiring him to remain in his cell while the carbon monoxide detectors were alarming. Prison officials, however, cannot be held liable unless they knew of and disregarded an excessive risk to an inmate's health or safety. See Farmer, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). Plaintiff must then produce evidence of serious or significant physical or emotional injury resulting from the challenged condition. See Strickler, 989 F.2d at 1379.

Exposure to excessive levels of carbon monoxide can cause acute symptoms which are reversible by moving the affected person to fresh air with no long-term health problems. Assuming that Plaintiff was exposed to carbon monoxide fumes over a four day period as he claims, the undersigned finds from Plaintiff's allegations that prison officials took reasonable measures to protect him from suffering any consequences from his exposure. Plaintiff acknowledges that he was removed from his cell and taken outside for a substantial period of time when the carbon monoxide detectors first alarmed. Additionally, on the fourth day that the carbon monoxide detectors alarmed, prison officials kept Plaintiff and other inmates in the gymnasium for a 24 hour period. Moreover, Plaintiff has not shown that he suffered any serious or significant physical or emotional injury as a result of his alleged exposure to carbon monoxide. Plaintiff merely makes a conclusory statement that his "health has been damaged by the carbon monoxide fumes." The undersigned further notes that requiring an inmate to sleep on the floor for one night does not amount to cruel and unusual punishment. Therefore, Plaintiff has failed to state a claim under the Eighth Amendment for which relief can be granted in this regard as well.

2.       __Plaintiff's Claims of Retaliation and Conspiracy__.

Plaintiff contends that the he was denied his KOP medication only after he filed his complaint with the West Virginia Board of Medicine. Prison officials may not retaliate against inmates for their exercise of a constitutional right. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied, 514 U.S. 1022, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1995); American Civil Liberties Union of Md, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993)(*citing* Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). The Fourth Circuit has held that an inmate's claims of retaliation must be treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996)(*en banc*)(citations omitted). To prevail upon a claim of retaliation, the inmate must specifically demonstrate that but for his protected conduct, he would not have been subject to the alleged retaliatory act. See Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1140 (4th Cir. 1990). Essentially, the inmate must first demonstrate that he engaged in protected conduct and second that his protected conduct motivated the retaliatory act.

To the extent that Plaintiff alleges retaliation in response to making a complaint to the West Virginia Board of Medicine, the undersigned will find that he has satisfied the first part of the analysis. "The First Amendment grants the rights to free speech and to seek redress of grievances. These rights, to a limited extent, exist in a prison setting." Gullett v. Wilt, 869 F.2d 593, 1989 WL 14614 ** 2 (4th Cir. (Md.) Feb. 21, 1989)(unpublished)(*citing* Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969)). Plaintiff has not, however, demonstrated that the denial of his medication was motivated in any manner by his protected speech. The showing of adversity is an

essential element to any retaliation claim. See American Civil Liberties Union v. Wicomico County, 999 F.2d at 785. The undersigned finds that the record clearly establishes that Plaintiff's monthly supply of KOP medication was denied for a legitimate, nonretaliatory reason. (Document 2, p. 10.) Plaintiff's privilege to obtain his monthly supply of KOP medication was revoked due to his failure to pick up his medication in a timely manner. The Court notes that Plaintiff was not denied his medication. Plaintiff's medication was available on a dose by dose basis to be picked up daily. Plaintiff's bare assertions of retaliation do not establish a claim of constitutional magnitude.

Furthermore, the undersigned finds that Plaintiff's conclusory allegations of a conspiracy do not establish a constitutional violation. To allege a claim of conspiracy, Plaintiff must establish the following elements: (1) an agreement between two or more persons, which constitutes the act, and (2) the doing of either an unlawful act or a lawful act by unlawful means. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996), cert. denied, 519 U.S. 1151, 117 S.Ct. 1087, 137 L.Ed.2d 221 (1997). Mere conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore, fails to state a cognizable claim. See Brown v. Angelone, 938 F.Supp. 340, 346 (W.D. Va. 1996). Plaintiff does not allege any facts to establish that Defendants Westfall and McBride formed an agreement to deny him medication and his conspiracy claim, therefore, does not rise to the level of constitutional magnitude.

### 3.  Plaintiff's Claims of Equal Protection / Discrimination.

Plaintiff alleges that Defendants discriminated against him by denying his monthly supply of KOP medication. The relevant equal protection cases provide a basic three-step analysis to determine whether an inmate's right to equal protection has been violated. First, the inmate must produce evidence to show that he was treated differently than other similarly situated inmates. See

11

Durso v. Rowe, 579 F.2d 1365, 1371 (7th Cir. 1978). Second, the inmate must show that he was intentionally singled out for harsher treatment. See Brandon v. District of Columbia Bd. of Parole (I), 734 F.2d 56, 60 (D.C. Cir. 1984); Stringer v. Rowe, 616 F.2d 993, 998 (7th Cir. 1980). Third, if the inmate was purposefully singled out, the analysis can take one of two paths. The first path is taken if the inmate can show that the prison's motivation in effecting its differential treatment implicates a suspect classification or a fundamental right. If this is established, the Court must strictly scrutinize the prison's actions. See O'Bar v. Pinion, 953 F.2d 74, 81-82. The prison must show that the classification is narrowly tailored to a compelling governmental interest. Id. If the prison's reason for the differential treatment does not implicate a suspect class or a fundamental right, the analysis takes the second path. See Brandon (I), 734 F.2d at 60, Brandon v. District of Columbia Bd. of Parole (II), 823 F.2d 644, 650 (D.C. Cir. 1987). On this path, the differential treatment is subject only to rational basis review. See O'Bar, 953 F.2d at 81-82. A rational basis review requires that the government's decision to treat similarly situated individuals differently bear some rational relationship to a legitimate State purpose. See id. at 81; Brandon (I), 734 F.2d at 60; Brandon (II), 823 F.2d at 650.

Plaintiff states that Defendants refused to provide him with his monthly supply of KOP medication and that "no other inmate is treated like this." Plaintiff does not suggest that other inmates' KOP privileges were not revoked when they failed to pick up their medication in a timely manner. Thus, Plaintiff has failed to allege that he was treated differently than any other similarly-situated inmate. He has not shown that he was singled out for harsher treatment. Finally, Plaintiff has not alleged that the decision to revoke his KOP medication was based on any suspect

12

classification. According, the undersigned finds that Plaintiff has failed to state a claim for denial of equal protection of the law.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Applications to Proceed Without Prepayment of Fees and Costs (Document No. 1 in Civil Action No. 5:07-0282 and Document No. 2 in Civil Action No. 5:07-0402.), **DISMISS** Plaintiff's Complaints in both actions and remove both matters from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

13

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

ENTER: December 28, 2007.

R. Clarke VanDervort
United States Magistrate Judge