IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KENNY DREW SAYRE,

                Plaintiff,

v.                                   CIVIL ACTION NOS.  5:07-cv-00282
                                   and 5:07-cv-402 (consolidated)

THOMAS MCBRIDE, et al.,

                Defendants.

MEMORANDUM OPINION

       By Order filed on December 28, 2007, United States Magistrate Judge R. Clarke VanDervort consolidated Plaintiff's cases, Civil Action No. 5:07-cv-00282 and Civil Action No. 5:07-cv-402, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  By Standing Order entered on August 1, 2006, and filed in these cases on May 7, 2007, and June 27, 2007, this consolidated action was referred to Magistrate Judge VanDervort for submission of proposed findings and a recommendation (PF&R). The magistrate judge filed his PF&R on December 28, 2007 [Docket 9]. In that filing, he recommended that this Court deny Plaintiff's applications to proceed without prepayment of fees, and remove these cases from the Court's docket.

*I. BACKGROUND*

       The Court incorporates by reference the factual and procedural history of these cases set forth in the PF&R.  In short, the magistrate judge construed Plaintiff's allegations as setting forth:

(1) two claims under the Eighth Amendment, (2) claims for retaliation and conspiracy; and (3) claims for equal protection and discrimination.

With respect to the eighth amendment claims, Plaintiff first asserts that Defendants violated his civil rights through deliberate indifference to his serious medical needs by providing inadequate medical treatment. Second, he contends that he was subject to inhumane and unsafe conditions of confinement. This allegation is based on incidents that occurred on June 14-17, 2007, where Plaintiff was allegedly in his cell while fumes coming through the air vents set off the carbon monoxide detectors. This eventually caused him to be moved to the gym area where he was forced to sleep on the floor for one night.

Magistrate Judge VanDervort recommended that this Court find that Plaintiff fails to state a claim for which relief can be granted on his first claim because "Plaintiff can prove no set of facts in support of the requisite second prong of his Eighth Amendment claim that he has received inadequate medical treatment."[*] (Docket 9 at 8.) Additionally, the magistrate judge recommended that this Court find that his second eighth amendment claim fails because he "has not shown that he suffered any serious or significant physical or emotional injury as a result of his alleged exposure to carbon monoxide[,]" and that requiring an inmate to sleep on the floor for one night does not amount to cruel and unusual punishment. (*Id*. at 9.)

---

[*] Even under the magistrate judge's application of the more relaxed standard of *Conley v. Gibson,* 355 U.S. 41 (1957), Plaintiff fails to state a claim upon which relief can be granted. Accordingly, in applying the recent Supreme Court case, *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007), Plaintiff undoubtedly fails to allege sufficient facts to raise his right to relief above the speculative level, and does not nudge his claim across the line from conceivable to plausible. *Id*. at 1965, 1974.

Next, the magistrate judge rejected Plaintiff's retaliation and conspiracy claims because he failed to demonstrate "that the denial of his medication was motivated in any manner by his protected speech", and because his allegations of a conspiracy are conclusory.

Finally, the magistrate judge recommended dismissal of Plaintiff's equal protection and discrimination claims because Plaintiff did not allege "that he was treated differently than any other similarly-situated inmate", "that he was singled out for harsher treatment", or "that the decision to revoke his [keep-on-person] medication was based on any suspect classification." (*Id*. at 12-13.)

## II. STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge VanDervort's PF&R were due by February 8, 2008, pursuant to the Court's Order granting Plaintiff an extension of time to file objections [Docket 12]. Plaintiff filed his timely objections on January 29, 2008 [Docket 13].

## III. PLAINTIFF'S OBJECTIONS

Plaintiff's first, second, fourth, fifth, and eighth objections essentially describe his medical condition and treatment in general without addressing how Defendants' behavior met the second

-3-

prong of the eighth amendment inquiry -- whether Defendants acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. *Wilson v. Seiter*, 501 U.S. 294-297-99 (1991).  As noted in the PF&R, although Plaintiff may not be satisfied with his medical treatment, his disagreement with the medical staff does not rise to the level of an eighth amendment violation. *Wright v. Collins*, 766 F.2d 842, 849 (4th Cir. 1985).  Plaintiff has not directed the Court to a specific error in the magistrate's finding that he failed to allege enough facts to establish that Defendants subjectively acted with a sufficiently culpable state of mind. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted).   Accordingly, these objections are **OVERRULED**.

Additionally, the Court notes that Plaintiff makes no objection to either the proposed finding that he failed to show he suffered any serious or significant physical or emotional injury as a result of his alleged exposure to carbon monoxide, or the recommendations to dismiss his conspiracy, retaliation, equal protection, and discrimination claims.  Because Plaintiff failed to object, the Court **FINDS** that he has waived his right to *de novo* review and his right to appeal the dismissal of these claims to the Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Plaintiff's third objection is incoherent and conclusory, and is likewise **OVERRULED**. *See Orpiano*, 687 F.2d at 47.  His sixth objection has no bearing on the PF&R and is therefore also **OVERRULED**. *See generally Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991).

Finally, his seventh objection is to the magistrate judge's order denying Plaintiff's motion for appointment of counsel.  Section 1915(d) provides: "The court may request an attorney to

represent any [person claiming *in forma pauperis* status] unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." The statute "does not authorize coercive appointments of counsel."  *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 309 (1989).  In *Gordon v. Leeke*, 575 F.2d 1147, 1153 (4th Cir. 1978), the court stated: "If it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him."  Here, because it has already been determined that Plaintiff's claims are without merit, they are not "colorable" and his objection is **OVERRULED**.

## IV.  CONCLUSION

For the reasons stated above, the Court **ADOPTS** the recommendations contained in Magistrate Judge VanDervort's PF&R [Docket 9], **DENIES** Plaintiff's Applications to Proceed Without Prepayment of Fees [Docket 1 in Civil Action No. 5:07-282 and Docket 2 in Civil Action No. 5:07-402], **DISMISSES** Plaintiff's Complaints [Dockets 2 and 5 in Civil Action No. 5:07-282 and Dockets 1 and 4 in Civil Action No. 5:07-402], and **DIRECTS** the Clerk to remove these matters from the Court's docket.  A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER:        February 12, 2008

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE